UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                          Case Number 04-20046-6
                                          Honorable Thomas L. Ludington

EDRES MONTGOMERY,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S RULE 59(E) MOTION AND DENYING HIS § 2255 MOTION**

Defendant Edres Montgomery was convicted of one count of conspiring to possess with intent to distribute a controlled substance, one count of aiding and abetting the distribution of a controlled substance, and two counts of attempting to influence the testimony of a witness. ECF No. 190. It was Defendant's third felony drug conviction. Accordingly, he received a mandatory sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A); ECF No. 138. The United States Court of Appeals for the Sixth Circuit affirmed. *See United States v. Montgomery*, 358 F. App'x 622 (2009). The United States Supreme Court denied Defendant's petition for a writ of certiorari. *See Montgomery v. United States,* 130 S. Ct. 2122 (2010).

On January 24, 2011, Defendant filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 288. Pursuant to 28 U.S.C. § 636(b)(1)(B), the motion was referred to Magistrate Judge Charles E. Binder, who issued a report recommending that the Court deny Defendant's motion on June 14, 2011. ECF No. 301. Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Defendant's objections were filed on July 15, 2011,

thirty-one days after service of the report and recommendation. ECF No. 305. Although filed more than two weeks late, the Court nevertheless "carefully reviewed Defendant's objections and Judge Binder's report and recommendation." *United States v. Montgomery*, No. 04–20046, 2011 WL 3440754, at *1 (Aug. 8, 2011); ECF No. 307. Issuing an eleven page opinion and order, the Court overruled each of Defendant's objections and denied Defendant's motion to vacate his sentence.

On September 1, 2011, Defendant timely filed a motion to alter, amend, or reconsider the judgment pursuant to Federal Rule of Civil Procedure 59(e). "Such motions may be granted to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)).

Defendant's motion asserts seven grounds for relief. Defendant's first six arguments challenge the merits of this Court's opinion and order denying the motion to vacate. As these arguments are unpersuasive, the Court will not alter or amend its decision. Defendant's seventh argument challenges the lack of a separate document memorializing the judgment of the Court. As Defendant is correct, the judgment will be set out in a separate document pursuant to Federal Rule of Civil Procedure 58(a). Each of his seven arguments are addressed in turn.

**I**

Defendant's first enumerated ground for altering or amending the judgment asserts that the Court "erred by not considering [Defendant's] pro se objections to the magistrate's report." Def.'s Rule 59 Mot. 3, ECF No. 308 ("Def.'s Mot.") (capitalization omitted). Defendant

contends that he is entitled to a de novo review of his objections because he timely field a "letter/motion requesting enlargement of time to file objections." *Id*. at 4. "It was not unreasonable for the pro se prisoner," Defendant elaborates, "to presume that the Court would receive his letter requesting extension of time to file objections and presume that the Court would grant such." *Id*. at 5. Defendant overlooks, however, that notwithstanding the late filing of the objections, the Court in fact conducted a de novo review — moreover, the Court informed Defendant that it had "carefully reviewed Defendant's objections and Judge Binder's report and recommendation." *Montgomery*, 2011 WL 3440754, at *1. Defendant's argument that this Court should undertake a second de novo review is unpersuasive. Nevertheless, the Court again reviews each argument that Defendant repeats, as well as the new arguments he advances in his Rule 59 motion.

## II

Defendant's third enumerated ground for altering or amending the judgment reasserts his two arguments "related to [the] outspoken juror." Def.'s Mot. 6 (capitalization omitted). Specifically Defendant again directs the Court's attention to the comment of one of the venire members, who remarked: "Looking around the courtroom, I see the defendant is an African-American male, and the only one here. Seems like he should have some jurors of his peers." Defendant argues that "he was denied an impartial trial by his peers because the jury selection process in the Eastern District of Michigan failed to produce a fair cross-section of the community." *Id*. 7. Moreover, Defendant argues, his counsel should have objected to the juror's statement. Defendant's arguments are unpersuasive.

"In all criminal prosecutions," the Sixth Amendment provides, "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. amend. VI. The Sixth Amendment does not, however, contain a "requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975). Rather, it "guarantees the opportunity for a representative jury venire, not a representative venire itself." *United States v. Jackman*, 46 F.3d 1240, 1244 (2d Cir. 1995). To establish a prima facie case of a violation of the right to be tried before a jury drawn from a fair cross-section of the community, a defendant must demonstrate:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). Here, Defendant establishes the first element. African-Americans are a "distinctive group in the community." But Defendant does not establish the remaining two elements. Regarding the second element, the method that the Eastern District's juror selection plan has repeatedly been held to pass constitutional muster. *See, e.g.*, *United States v. Riddle*, 691 F. Supp. 2d 737, 742 (E.D. Mich. 2010); *United States v. Bates*, No. 05-81027, 2009 WL 5033928 (E.D.Mich. Dec. 15, 2009), *aff'd on other grounds*, 363 F. App'x 369 (2010). Regarding the third element, Judge Binder is correct that Defendant's argument "that there were no African-Americans in the pool of 60 jurors from which his petit jury was drawn is insufficient to establish systematic exclusion." Report & Recommendation 8, ECF No. 301. To reiterate, "the Sixth Amendment's 'fair cross-section' requirement applies

only to the larger pool serving as the source of prospective jurors' names and not to the petit jury sworn for a defendant's trial." *Riddle*, 691 F. Supp. at 742; *cf. Ambrose v. Booker*, 781 F.Supp.2d 532, 536 (E.D. Mich. 2011) (granting habeas petition when state government "admitted that a 16–month programming mistake excluded nearly 75 percent of the county's eligible residents from consideration as jurors" and [t]hose excluded included residents of areas containing most of the county's communities of African–American, Latino, and other minority residents"). The anecdotal observation of the juror relates only to the venire actually called, not the larger pool serving as the source of prospective jurors.

Defendant next repeats his objection that his counsel should have objected to the juror's comment because it "caused prejudice to [Defendant's] criminal proceedings insomuch as those seated on [Defendant's] petit jury may well have harbored resentment toward [Defendant]." Def.'s Mot. 8. As the Court observed when this argument was first raised, "if anything, the juror's comment reflects favorably on the juror's sensitivity to the racial makeup of the jury venire. It certainly does not reflect any bias on that part of that juror." *Montgomery*, 2011 WL 3440754, at *2. In reasserting his argument, Defendant does not elaborate on how this comment demonstrates prejudice on the part of this juror or how it suggests the other jurors "harbored resentment." Defendant's argument that his counsel's not objecting to this comment constitutes ineffective assistance of counsel is thus unpersuasive.

### III

Defendant's third enumerated ground for altering or amending the judgment asks the Court to reconsider its "finding that [Defendant] was advised of the mandatory minimum life sentence." Def.'s Mot. 8 (capitalization omitted). Defendant writes that he "was arrested just

days before the arraignment and he was being hit with an avalanche of issues at that time. . . . [Defendant] was overwhelmed and did not have a full awareness of his circumstances." *Id.* The record, however, conclusively demonstrates that Defendant was repeatedly advised of the mandatory sentence, not only at his arraignment, but on several occasions thereafter. As this Court explained when Defendant first raised this argument in his motion to vacate:

> Defendant was advised by a magistrate judge at his arraignment on October 25, 2005 that he was facing a mandatory life sentence and signed an acknowledgment the next day, which emphasized in bold-faced print that the sentence on the conspiracy count would be mandatory life imprisonment. Moreover, Defendant's trial attorney indicated in a sworn affidavit that he advised his client as to the consequences of going to trial and the benefits of accepting the government's plea offers, and that Defendant indicated in that he would not accept a plea. Finally, at the final pretrial conference on May 21, 2007, the Court questioned Defendant with respect to his intentions, and emphasized the potential consequences of going to trial. The next day, the Court entered an order confirming that Defendant had discussed those consequences with his attorney and that Defendant confirmed he wished to go to trial.

*Montgomery*, 2011 WL 3440754, at *2 (internal citations omitted). In sum, Defendant was unequivocally made aware of his circumstances on numerous occasions. His argument to the contrary is unpersuasive.

## IV

Defendant's fourth enumerated ground for altering or amending the judgment asserts that the Court made an "inappropriate credibility determination." Def.'s Mot. 11. Defendant elaborates that he "made a sworn declaration stating that he asked [his trial attorney] to pursue plea negotiations, but the [Court] discounted [Defendant's] declarations because [his trial attorney's] affidavit conflicted with [Defendant's] statements." *Id.* "Therefore," Defendant

concludes, "this Court should vacate its judgment/opinion and then order an evidentiary hearing be held in this case." *Id.* at 12.

As discussed above, however, Defendant repeatedly indicated that he would not accept a plea, not simply to his trial attorney, but also to the prosecution, to Judge Binder, and to this Court itself. Moreover, as the Court can resolve the issue raised by Defendant by drawing on its personal interactions with him at the final pretrial conference on May 21, 2007, an evidentiary hearing on this issue is unnecessary. *See Machibroda v. United States*, 368 U.S. 487, 495 (1962) (holding an evidentiary hearing was necessary because "[t]his was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court" and "[n]or were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection"). Defendant's argument to the contrary is unpersuasive.

**V**

Defendant's fifth enumerated ground for altering or amending the judgment asserts that he is entitled to an evidentiary hearing regarding his ineffective assistance of counsel claim. Def.'s Mot. 12–14. In support, Defendant cites, inter alia, *Fontaine v. United States*, 411 U.S. 213, 215 (1973); *Lanam v. United States*, 341 F. App'x 105, 106 (6th Cir. 2009) (per curiam); and *Wright v. United States*, 320 F. App'x 421, 423–24 (6th Cir. 2009). Defendant's reliance on these cases is misplaced. Indeed, they demonstrate that an evidentiary hearing is not required in this case.

Section 2255 provides in pertinent part: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice

thereof to be served upon the United States attorney, [and] grant a prompt hearing thereon." 28 U.S.C. § 2255(b).

Relying on this provision in *Fontaine*, the defendant argued "that his plea of guilty had been induced by a combination of fear, coercive police tactics, and illness, including mental illness." 411 U.S. at 214. The district court refused to hold an evidentiary hearing, explaining that it believed that "[w]hen the trial court has . . . questioned the accused about pleading guilty, the petitioner cannot now be heard to collaterally attack the record and deny what was said in open court." *Id*. Reversing this categorical rule, the Supreme Court wrote: "It is elementary that a coerced plea is open to collateral attack. It is equally clear that § 2255 calls for a hearing on such allegations unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Id*. at 215 (internal citations omitted). In this case, in contrast, the Court declines to hold an evidentiary hearing on Defendant's motion not because of a categorical rule, but because the record conclusively establishes that Defendant is not entitled to the relief he seeks. *See Montgomery*, 2011 WL 3440754, at *2. Accordingly, Defendant's reliance on *Fontaine* is misplaced.

In *Lanam*, the trial judge ruled that the defendant was "barred from testifying at the § 2255 evidentiary hearing because he did not testify at trial." 341 F. App'x at 106. Reversing this categorical exclusion, the Sixth Circuit wrote "the district court clearly erred in barring petitioner from testifying." *Id*. at 107. In this case, the Court declines to hold an evidentiary hearing not because Defendant did not testify at trial, but because the issues raised by the motion are conclusively established by the record. *See Machibroda*, 368 U.S. at 494–95. Defendant's reliance on *Lanam* is thus misplaced.

In *Wright*, the defendant's § 2255 motion alleged that he had requested that his attorney appeal the sentence and that the request was ignored. 320 F. App'x at 426. Reversing the district court's decision not to hold an evidentiary hearing, the Sixth Circuit explained: "In order to make factual determinations such as these, § 2255(b) requires an evidentiary hearing on a § 2255 motion unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. (internal quotation mark and alteration omitted) (quoting § 2255(b)). In this case, as noted above, the issues raised by the motion are conclusively established by the record. Accordingly, an evidentiary hearing is not required. Defendant's arguments to the contrary are not persuasive.

## VI

Defendant's sixth enumerated ground for altering or amending the judgment asserts that "the Court failed to consider its authority to allow [Defendant] an opportunity to submit arguments for a [certificate of appealability]." Def.'s Mot. 14. Defendant's argument is unpersuasive.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides in pertinent part: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The court is not required to do so — it "may" do so. As this Court explained in its previous opinion and order, to obtain a certificate of appealability, the defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Montgomery*, 2011 WL 3440754, at *5 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, reasonable jurists would not debate the Court's

conclusions with regard to the merits of Defendant's claims. As a result, he is not entitled to a certificate of appealability. Directing the parties to submit further arguments on the issue is unnecessary.

## VII

Defendant's final argument asserts that the Court's opinion and order "does not satisfy the separate document requirement rule as required by Rule 58." Def.'s Mot. 14. Defendant is correct. Rule 58 provides in pertinent part: "Every judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). The judgment will be memorialized in a separate document.

## VIII

Accordingly, it is **ORDERED** that Defendant's Rule 59(e) motion (ECF No. 308) is **GRANTED IN PART AND DENIED IN PART**. A separate document memorializing this opinion is required and will issue. The remaining requests for relief are denied.

It is further **ORDERED** that Defendant's motion to vacate the sentence (ECF No. 288) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

                                               s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

Dated: January 6, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Edres Montgomery, #26325-039, at U.S.P. McCreary, P.O. Box 3000, Pine Knot, KY 42635 by first class U.S. mail on January 6, 2012.

        s/Tracy A. Jacobs
        TRACY A. JACOBS